WERNER et, Plaintiffs, v. SOFIOS CONSTRUCTION COMPANY, Defendant.

Common Pleas Court, Erie County.

No. 32767. Decided March 8, 1961.

*Mr. Lewis L. Marquart* and *Mr. Wilbert G. Schwer,* for plaintiffs.

*Messrs. Catri & Catri,* for defendant.

McCRYSTAL, J. Plaintiffffs and the defendant Company are individually owners of lots in the Galloway Acres Subdivision in Erie County, Ohio. Each of these parties received from a common grantor a uniform type deed containing uniform restrictions. Restriction No. 5 of the Uniform Restrictions reads as follows:

"No house already erected shall be moved onto said property, nor shall any prefabricated house be erected on said property."

The defendant Company, on its lot in the Subdivision, commenced the construction of a single private dwelling which plaintiffs concede conformed to all of the Uniform Restrictions that applied, except the restriction referred to above.

The defendant Company, being a home building corporation, constructed in its shop in Norwalk, Ohio, the exterior sheathed frame of the home in 14 numbered sections, together with the roof trusses and cornices. These sections were then transported to the site and assembled.

It is to this type of construction that the plaintiffs excepted and contend that this constitutes a "prefabricated house" in violation of Restriction No. 5. Plaintiffs, in the prayer of their petition, requested the Court to enjoin the defendant Company from proceeding with the construction of this home. During the trial, plaintiffs indicated to the Court that they did not desire that an order be issued requiring the defendant to remove the present home, but, rather, they requested a finding that this home was constructed in violation of Restriction No. 5 and that the defendant Company be enjoined from so constructing any other homes in the Subdivision.

After exhaustive research of the statutory and case law of this Country, the Court has been unable to find any legal definition of a "prefabricated house." While this term is freely used in the building and home construction industry, it means different things to different people and is not easy to define specifically. Most everyone would agree that the so-called "manufactured homes" which are mass produced by factory-like or production line methods and hauled to sites for quick assembly are clearly prefabricated homes. On the other hand, nearly all would agree that the use of prefabricated units in a house, such as window and door units, chimney units, concrete block and plywood, does not classify that house as a "prefabricated house." Somewhere between these extremes a Court could draw a line and develop a formula to clearly show on which side of that line a particular house belongs. Criteria might include the percentage of prefabricated units

used, type of labor used for prefabricated units versus type of labor used at site, number of hours shop labor versus number of hours on the site labor, and the percent complete the house is when prefabricated units are assembled at the site.

It is beyond the scope of this case for this Court to draw that line and it is not necessary to develop a complicated formula to decide this case.

The undisputed evidence in this case discloses that the home in question was designed by an officer of the defendant Company specifically for this site and the prefabricated parts to which plaintiffs object were constructed by the defendant's workmen in its shop in accordance with the specifications for this home. These prefabricated parts were not constructed in advance and stored in quantities in anticipation of the defendant building this or other homes on other sites. It is conceded by the plaintiffs and borne out by the evidence that the objection raised by the plaintiff is that these were prefabricated units and not constructed on the site. Some of plaintiffs' witnesses and their counsel concede that if these parts had been constructed on the site by the defendant's workmen, the plaintiffs would make no claim that Restriction No. 5 was violated.

This Court finds nothing sacred about "on the site" construction as distinguished from "shop" construction so long as components of a particular home constructed away from the site are of the same or better quality materials and workmanship. Use of the same workmen to shop build components very often results in better finished quality due to the more accurate machinery available, more comfortable working conditions, and the higher degree of control and supervision possible. Workmen who shop construct components for a particular house, for a particular site, for a particular owner, would, in most cases, be able to enforce a mechanic's lien against the premises if not paid for their labor. While this latter criteria as to the rights of labor to perfect a mechanic's lien might not apply in all cases, it would be one indicia of a non-prefabricated home.

To require a builder to construct all component parts on the site solely to avoid the restriction involved here would be placing an unreasonable and arbitrary interpretation on the words "prefabricated house."

It is, therefore, the opinion of this Court that the defendant's house being a house designed for the lot in question, with its prefabricated units constructed for this house, is not a prefabricated house as that term is used in Restriction No. 5.

Counsel for defendant will prepare a journal entry conforming with this opinion and submit the same to plaintiffs' counsel for approval.